## NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY *v.* CARR.

### ERROR TO THE SUPREME COURT, APPELLATE DIVISION, FOURTH DEPARTMENT, STATE OF NEW YORK.

No. 257.   Argued May 4, 1915.—Decided June 14, 1915.

During the same day railroad employés often and rapidly pass from
intrastate to interstate employment and the courts are constantly
called upon to decide close questions as to the dividing line between
the two classes of employment.   Each case must be decided in the
light of its particular facts.

In this case, *held*, that:

A brakeman on an intrastate car in a train consisting of both
intrastate and interstate cars who is engaged in cutting out the in-
trastate car so that the train may proceed on its interstate business,
is while so doing engaged and employed in interstate commerce
and may maintain an action under the Employers' Liability Act.

158 App. Div. 891, affirmed.

THE facts, which involve the validity of a verdict and
judgment for damages under the Employers' Liability Act,
are stated in the opinion.

*Mr. Maurice C. Spratt* and *Mr. Lester F. Gilbert* for
plaintiff in error:

Recovery cannot be sustained under the Federal Employers' Liability Act, because neither the plaintiff nor the defendant was, at the time and place of the accident, engaged in interstate commerce. See *A., T. & S. F. Ry.* v. *Pitts,* 145 Pac. Rep. 1148; *Barlow* v. *Lehigh V. R. R.,* 214 N. Y. 116; *Connole* v. *Nor. & West. R. R.,* 216 Fed. Rep. 824; *Ill. Cent. R. R.* v. *Behrens,* 233 U. S. 473; *Knowles* v. *N. Y. C. & H. R. R. R.,* 164 App. Div. 711; *LaCasse* v. *N. O., T. & M. R. R.,* 135 Louisiana, 129; *Lamphere* v. *Oregon R. & N. Co.,* 196 Fed. Rep. 336; *McAuliffe* v. *N. Y. C. & H. R. R. R.,* 164 App. Div. 846; *Minnesota Rate Cases,* 230 U. S. 352; *Mondou* v. *N. Y., N. H. & H. R. R.,* 223 U. S. 1; *Nor. Car. R. R.* v. *Zachary,* 232 U. S. 248; *Norton* v. *Erie R. R.,* 163 App. Div. 466; *Patry* v. *Chicago & W. I. Ry.,* 265 Illinois, 310, aff'g 185 Ill. App. 361; *Pedersen* v. *D., L. & W. R. R.,* 229 U. S. 146; *Reed* v. *Great West. R. R.* (1909), A. C. 31; *Shanks* v. *D., L. & W. R. R.,* 163 App. Div. 565; aff'd N. Y. Law Journal, April 7, 1915; *Seaboard Air Line* v. *Horton,* 233 U. S. 492; *Second Employers' Liability Cases,* 223 U. S. 1; *St. L., S. F. & T. Ry.* v. *Seale,* 229 U. S. 156; *Standard Oil Co.* v. *Anderson,* 212 U. S. 215; *Southern Ry.* v. *United States,* 222 U. S. 20; *Safety Appliance Cases,* 222 U. S. 20; *Van Brimmer* v. *Tex. & Pac. Ry.,* 190 Fed. Rep. 394; *Wabash Ry.* v. *Hayes,* 234 U. S. 86.

*Mr. Hamilton Ward,* with whom *Mr. John Lewis Smith* was on the brief, for defendant in error.

Mr. Justice Lamar delivered the opinion of the court.

Carr was a brakeman on a "pick-up" freight train running from Rochester to Lockport over the lines of the New York Central. On November 18, 1910, some of the cars in this train contained interstate freight. Among those engaged in purely intrastate business were the two

cars, at the head of the train and next to the engine, which were to be left at North Tonawanda, New York. On arriving at that point they were uncoupled from the train, pulled by the engine down the track, and then backed into a siding. It was the duty of one brakeman (O'Brien), to uncouple the air hose from the engine, and for the other (Carr) to set the handbrakes in order to prevent the two cars from rolling down upon the main track. O'Brien, having failed to open the gauge to the stop-cock, suddenly and negligently "broke" the air hose. The result was that the sudden escape of air,—applied only in cases of emergency—violently turned the wheel handle attached to the brake which Carr at the time was attempting to set. The wrench threw Carr to the ground and for the injuries thus suffered he brought suit in a state court. If the case was to be governed by the law of New York he was not entitled to recover, since the injury was due to the negligence of O'Brien, a fellow-servant. He did recover a verdict under the Federal Employers' Liability Act and, the judgment thereon having been affirmed (157 App. Div. 941; 158 App. Div. 891), the case is here on writ of error to review that ruling.

The Railroad Company insists, that when the two cars were cut out of the train and backed into a siding, they lost their interstate character, so that Carr while working thereon was engaged in intrastate commerce and not entitled to recover under the Federal Employers' Liability Act. The scope of that statute is so broad that it covers a vast field about which there can be no discussion. But owing to the fact that, during the same day, railroad employés often and rapidly pass from one class of employment to another, the courts are constantly called upon to decide those close questions where it is difficult to define the line which divides the State from interstate business. The present case is an instance of that kind—and many arguments have been advanced by the Railway Company

to support its contention that, as these two cars had been cut out of the interstate train and put upon a siding, it could not be said that one working thereon was employed in interstate commerce. But the matter is not to be decided by considering the physical position of the employé at the moment of injury. If he is hurt in the course of his employment while going to a car to perform an interstate duty; or if he is injured while preparing an engine for an interstate trip he is entitled to the benefits of the Federal Act, although the accident occurred prior to the actual coupling of the engine to the interstate cars. *St. Louis &c. Ry.* v. *Seale,* 229 U. S. 156; *North Carolina R. R.* v. *Zachary,* 232 U. S. 248. This case is within the principle of those two decisions.

The plaintiff was a brakeman on an interstate train. As such, it was a part of his duty to assist in the switching, backing and uncoupling of the two cars so that they might be left on a siding in order that the interstate train might proceed on its journey. In performing this duty it was necessary to set the brake of the car still attached to the interstate engine, so that, when uncoupled, the latter might return to the interstate train and proceed with it, with Carr and the other interstate employés, on its interstate journey.

The case is entirely different from that of *Ill. Cent. R. R.* v. *Behrens,* 233 U. S. 473, for there the train of empty cars was running between two points in the same State. The fact that they might soon thereafter be used in interstate business did not affect their intrastate status at the time of the injury; for, if the fact that a car had been recently engaged in interstate commerce, or was expected soon to be used in such commerce, brought them within the class of interstate vehicles the effect would be to give every car on the line that character. Each case must be decided in the light of the particular facts with a view of determining whether, at the time of the injury, the employé is

engaged in interstate business, or in an act which is so directly and immediately connected with such business as substantially to form a part or a necessary incident thereof. Under these principles the plaintiff is to be treated as having been employed in interstate commerce at the time of his injury and the judgment in his favor must be

*Affirmed.*