LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* PARKER, ADMINISTRATOR OF PARKER.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 330.  Submitted November 1, 1916.—Decided November 13, 1916.

Plaintiff's intestate was killed while moving an engine with attached intrastate car.  There was evidence, strong but not conclusive, that the purpose of the movement was to reach and move another car in interstate commerce. Not asking to have this considered by the jury, defendant unsuccessfully insisted that the trial judge deal with the case as a case of interstate commerce governed by the Federal Employers' Liability Act.  The case went to the jury as one dependent on the state law, and there was a money verdict which admittedly could not be sustained if the federal act applied.

*Held* that not the intrastate character of the moving car, as erroneously held by the court below, but the purpose of the operation involving the movement, must determine whether deceased was engaged in interstate commerce.

That the purpose was for the jury to determine; and defendant, not having sought the jury, or made any request or objection in the trial court which was not rightly overruled, could not complain of the verdict.

165 Kentucky, 658, affirmed.

THE case is stated in the opinion.

*Mr. Benjamin D. Warfield* for plaintiff in error.

*Mr. Edward C. O'Rear,* with whom *Mr. J. M. Robsion* and *Mr. B. G. Williams* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff's intestate was a fireman upon a switching engine which was moving upon a switch track. A caboose stood upon the main track so near to where the engine moved that the deceased struck it and was killed. His administrator brought this action against the Railroad, the plaintiff in error, for causing the intestate's death and got a verdict which, it is admitted, cannot be sustained if the deceased was engaged in interstate commerce. The dealings of the state courts with that question are the ground for the present writ of error. The judgment for the plaintiff was affirmed by the Court of Appeals, 165 Kentucky, 658.

The business upon which the deceased was engaged at the moment was transferring an empty car from one switch track to another. This car was not moving in interstate commerce, and that fact was treated as conclusive by the Court of Appeals. In this the court was in error, for if, as there was strong evidence to show, and as the court seemed to assume, this movement was simply for the purpose of reaching and moving an interstate car, the purpose would control and the business would be interstate. The difference is marked between a mere expectation that the act done would be followed by other work of a different character, as in *Illinois Central R. R. Co.* v. *Behrens,* 233 U. S. 473, 478, and doing the act for

the purpose of furthering the later work.  See *New York Central & Hudson River R. R. Co.* v. *Carr*, 238 U. S. 260, 263.  *Pennsylvania Company* v. *Donat*, 239 U. S. 50.  *Kalem Co.* v. *Harper Bros.*, 222 U. S. 55, 62, 63.

But it is necessary to see how the case was dealt with in the trial court.  The Railroad Company did not ask to go to the jury on the question whether the deceased was engaged in interstate commerce.  It simply asked the court to direct a verdict, on the ground among others, that it appeared as matter of law that he was so engaged. But if the question had been left to the jury and they had disbelieved the testimony that the empty car was moved for the ulterior purpose of interstate commerce there would have been no error of law in allowing a verdict for the plaintiff to stand.  It is true that the Judge seems to have assumed that the business in hand was intrastate, but the only objection indicated was to his not ruling the contrary and as the Railroad did not ask to go to the jury and the only ruling requested was properly denied the judgment must stand.

*Judgment affirmed.*