# SOUTHERN RAILWAY COMPANY *v.* PUCKETT.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

### No. 219.   Argued April 25, 1917.—Decided June 11, 1917.

A case arising under the Federal Employers' Liability Act, as amended April 5, 1910, c. 143, 36 Stat. 291, cannot be removed to the District Court upon the ground of diversity of citizenship.

Plaintiff's injury occurred while he was helping in the task of raising a wrecked car to rescue a fellow employee and, coincidently, to clear a track for interstate commerce.  *Held:* Engaged in interstate commerce, within the Federal Employers' Liability Act.

The mere fact that the employee was engaged in interstate commerce when called aside by the event which led to his injury does not stamp his employment at the time of injury as an employment in interstate commerce.

Finding no reason for disturbing the finding of both state courts as to the defendant carrier's negligence, and no exceptional circumstances being involved, this court merely announces its conclusion.

16 Ga. App. 551, affirmed.

THE case is stated in the opinion.

*Mr. Sanders McDaniel*, with whom *Mr. L. E. Jeffries* and *Mr. E. R. Black* were on the briefs, for plaintiff in error.

*Mr. Edgar Watkins*, with whom *Mr. Spencer R. Atkinson* and *Mr. E. W. Born* were on the brief, for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

Puckett recovered a verdict and judgment in the City Court of Atlanta against the Southern Railway Company

for damages arising from personal injuries sustained by him in August, 1911, while at work for the company in its yard at Atlanta, Georgia. As submitted to the jury, the action was founded upon the Federal Employers' Liability Act of April 22, 1908, as amended by Act of April 5, 1910, (35 Stat. 65, c. 149; 36 Stat. 291, c. 143). The judgment was affirmed by the Georgia Court of Appeals (16 Ga. App. 551), and a writ of error brings it under our review.

The record shows that a petition and bond for the removal of the cause to the appropriate federal court upon the ground of diversity of citizenship was filed in due time by the defendant and overruled by the trial court. An assignment of error based upon this ruling has been abandoned, and properly so, in view of our decision in *Kansas City Southern Ry. Co.* v. *Leslie*, 238 U. S. 599, 602.

Whether, at the time he was injured, plaintiff was employed in interstate commerce, is the only substantial question; there being no dispute that defendant at that time was a common carrier by railroad engaged in commerce of that character.

As detailed in the opinion of the Court of Appeals, the circumstances of the occurrence were as follows: Plaintiff had been engaged in inspecting cars which had been put into an interstate train—No. 75—that ran between Atlanta, Georgia, and Birmingham, Alabama; he had inspected about 25 cars, and there remained to be inspected about 12 cars which were to be placed in the same train; while plaintiff was waiting for these, a collision between other cars of defendant occurred in the yard nearby, and several tracks were blocked by the wreckage; one of defendant's employees named O'Berry was caught in the collision and pinned beneath a car; in obedience to the printed rules of the company, plaintiff went immediately to the scene of the wreck to render what assistance he could, and was there instructed by a superior employee to go and get a "jack" to assist in raising the wrecked car

so as to extricate O'Berry and clear the tracks of the wreckage; some of the remaining cars not yet placed in train No. 75 were to have been hauled over the tracks that were obstructed by the wreck, and on account of the obstruction it became necessary to detour them, whereby train No. 75 was delayed for about an hour; while plaintiff, assisting in clearing up the wreck, was carrying some blocks on his shoulder to be used in jacking up the wrecked car and replacing it upon the track, he stumbled over certain large clinkers which were on the roadway near the track, and, in stumbling, struck his foot against some old cross ties overgrown with grass, and in consequence fell and was seriously injured.

The court held that although plaintiff's primary object may have been to rescue his fellow employee, his act nevertheless was the first step in clearing the obstruction from the tracks, to the end that the remaining cars for train No. 75 might be hauled over them; that his work facilitated interstate transportation on the railroad, and that consequently he was engaged in interstate commerce when injured.

We concur in this view. From the facts found, it is plain that the object of clearing the tracks entered inseparably into the purpose of jacking up the car, and gave to the operation the character of interstate commerce. The case is controlled by *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.*, 229 U. S. 146, 152; *New York Central & Hudson River R. R. Co.* v. *Carr*, 238 U. S. 260, 263; *Pennsylvania Co.* v. *Donat*, 239 U. S. 50; *Louisville & Nashville R. R. Co.* v. *Parker*, 242 U. S. 13. *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.*, *supra*, holds that a workman employed in maintaining interstate tracks in proper condition while they are in use is employed in interstate commerce; the other cases are to the effect that preparatory movements in aid of interstate transportation are a part of such commerce within the meaning of the act.

Of course, we attribute no significance to the fact that plaintiff had been engaged in inspecting interstate cars before he was called aside by the occurrence of the collision. *Illinois Central R. R. Co.* v. *Behrens*, 233 U. S. 473, 478; *Erie R. R. Co.* v. *Welsh*, 242 U. S. 303, 306.

It is contended that there was no sufficient ground for attributing negligence to defendant because of the presence of large clinkers in the path along which plaintiff, in the course of his duty, was called upon to pass. This is no more than a question of fact, without exceptional features, and we content ourselves with announcing the conclusion that we see no reason for disturbing the result reached by two state courts. *Great Northern Ry. Co.* v. *Knapp*, 240 U. S. 464, 466.

*Judgment affirmed.*

THE CHIEF JUSTICE dissents.