AUGUSTA ARMBRECHT, ADMINISTRATRIX, RESPONDENT,
    v. THE DELAWARE, LACKAWANNA AND WESTERN
    RAILROAD COMPANY, APPELLANT.

. Argued March 19, 1917—Decided June 18, 1917.

In an action under the Federal Employers' Liability act, it was
    open to the jury to infer from the evidence that the plaintiff's
    intestate was engaged in removing snow from the tracks, both
    interstate and intrastate, of a railway; that the work had been
    only temporarily suspended; that the men were told by the
    boss to go in a covered car as it was raining and freezing at
    the time; that to do so, they walked along the tracks because
    they couldn't go otherwise, and decedent was struck and killed
    by a fast passenger train considerably behind time; that there
    was a failure to warn him that the passenger train was behind
    time and might be expected. *Held,* that it was for the jury to
    say whether the decedent was engaged in interstate commerce,
    whether there was negligence on the part of the railway com-
    pany, and whether the decedent had assumed the risk.

On appeal from the Hudson Circuit.

For the appellant, *Maximilian M. Stallman (Frederic B.
Scott* on the brief).

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

SWAYZE, J. This is an action under the Federal Employ-
ers' Liability act. There was evidence from which the jury
might infer that the deceased was engaged in removing snow
from the tracks, both intrastate and interstate, at the Port
Morris yard; that after working for some time it became
necessary to back the work train east some four miles to
Chester Junction for the purpose of getting back to the Port
Morris yard on the westbound tracks; that more snow was
to be removed; that the train was held some minutes at Ches-
ter Junction; that the men were told by the "boss" to go in
the covered car as it was raining and freezing at the time;

that to do so, they walked along the tracks because they couldn't go otherwise; that a fast passenger train came along considerably behind time, struck the men on the track and killed plaintiff's intestate; that there was no warning that it was behind time and might be expected.

The trial judge left it to the jury to say whether the deceased was engaged in interstate commerce and whether there was negligence on the part of the defendant. We think the evidence required him to take this course. The fact that there was a temporary cessation in the work of removing snow, and a temporary rest from work, did not require a finding that the decedent at the moment of the accident was not engaged in interstate commerce; nor do we think that the fact that he was about to take refuge from the storm in the covered car makes any difference. That was a mere incident of the employment which did not thereby change its general character. The work was the removal of snow from railway tracks, interstate as well as intrastate; it had merely suffered a temporary interruption due to the necessities of traffic on a busy railway, and in some degree to the inclemency of the weather. It is enough to refer to *New York Central Railroad* v. *Carr,* 238 U. S. 260, and to *Shanks* v. *Delaware, Lackawanna and Western Railroad,* 239 Id. 556, as showing the line of cleavage between the cases. Other cases are cited in the opinion in the Shanks case. What we have said is enough to distinguish the present case from *Minneapolis and St. Louis Railroad Co.* v. *Winters,* 242 Id. 353, and to bring it within the principle of *Louisville and Nashville Railroad Co.* v. *Parker, Id.* 13. Other recent cases on one side or the other of the line are *Erie Railroad Co.* v. *Welsh, Id.* 303; *Illinois Central Railroad Co.* v. *Peery, Id.* 292.

The question of negligence is more difficult. The failure of the engineer of the passenger train to blow a whistle until too late for any good does not indicate negligence, since he could not be supposed to anticipate that men would be walking on the track at that point. But we think the failure to warn the men that the passenger train was behind time and

MARCH TERM, 1917. 531

*90 N. J. L.*      Hamilton Twp. v. Mercer Co. Trac. Co.

might be expected, is sufficient to sustain the verdict, since the jury might have believed the evidence that the boss told the men to go to the covered car and that there was. no way to go except along the track. This disposes also of the question of the assumption of risk. No doubt a railroad employe, or anyone else, assumes the risk of walking on the track, but it does not follow that he assumes the risk of being struck by a train which he may well think had gone by. The request to charge did not embody all the pertinent facts. We find it difficult to understand what the judge had in mind when he told the jury that they might take into consideration the speed of the passenger train in considering the other charges of negligence, but as he had just charged that the speed of the train did not present a question of negligence, because the company had the right to exercise its judgment in that respect, we think no harm could have been done the defendant by that portion of the charge which is made a ground of appeal.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPEN-HEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.