MICHAEL J. DALEY, JR., Plaintiff, *v.* BOSTON & MAINE RAILROAD, Defendant.

(Supreme Court, Saratoga Trial Term, June, 1918.)

Negligence — railroads — Federal Employers' Liability Act.

> Defendant, a common carrier engaged in both interstate and intrastate commerce, while operating a train of cars from a point in the state of Vermont to a point in the state of New York, is engaged in interstate commerce, and where plaintiff, a brakeman on said train, was injured while assisting, in this state, in the work of staking out a car belonging to a foreign railroad company on a siding and connecting it with the train, the work of interstate commerce was interrupted, and he is entitled to maintain an action under the Federal Employers' Liability Act, and a motion for a general verdict in his favor will be granted.

Action for negligence.

Leary & Fullerton, for plaintiff.

Jarvis P. O'Brien, for defendant.

WHITMYER, J. The action is negligence. It has been brought under the Federal Employers' Liability Act. On a certain day in February, 1916, car No. 38,240, belonging to the Galveston, Houston and San Antonio Railroad, ran off the track and went down an

embankment, at Johnsonville, N. Y., while it was being staked out from a siding, connecting with defendant's railroad, to be attached to one of defendant's trains, which was on the main track and had come from North Bennington, Vt.  The engine had been uncoupled from the train and was being used to stake out the car. Plaintiff was a brakeman in defendant's employ and was on the top of the car, where it was his duty to be, and was assisting in the work, when it went down. He went with it and was injured, and he claims that his injuries were due to defendant's negligence. Defendant is a common carrier, engaged in interstate and intrastate commerce.  At the time, it was operating a local freight, made up of loaded and empty cars, from North Bennington, Vt., to Mechanicsville or Rotterdam Junction, N. Y.  Cars had been picked up at different stations along the line and this one was being picked up.  Its last trip had been from Oswego, N. Y., when it had brought a load.  It was empty at the time of the accident and was billed to Rotterdam Junction, N. Y.  That is defendant's terminal in this state.  In effect, that was the evidence relating to the nature of the work, whether intrastate or interstate. At the end of plaintiff's case, defendant moved for a dismissal on the ground that plaintiff had failed to make out a case.  Decision was reserved.  The motion was renewed at the end of the evidence.  Decision was reserved and, pending same, questions relating to defendant's negligence, plaintiff's freedom from contributory negligence and to his damage, were submitted to the jury.  The findings were that defendant was negligent, that plaintiff was free from contributory negligence and that his damage was $8,500.  Thereupon, plaintiff moved for a general verdict and defendant moved, under section 999 of the Code of Civil Procedure, to set aside the findings.  The evidence is

sufficient to sustain the findings. The only question is as to the nature of the work, whether it was interstate or intrastate. Defendant is a common carrier engaged in both kinds of commerce. At the time in question, it was operating a train, made up of loaded and empty cars. The train had come from North Bennington, Vt., and had reached Johnsonville, N. Y. In operating it defendant was engaged in interstate commerce. Plaintiff was a brakeman on it. While on it he was engaged in interstate commerce. When Johnsonville was reached, the engine was detached for the purpose of staking out a car on a siding and connecting it with the train. The car was sent to Johnsonville from Oswego, N. Y., loaded with flour. At the time in question there was no load in it and it was billed to Rotterdam Junction, defendant's terminal in this state. Where it was to be sent after reaching that place does not appear. It belonged to a foreign railroad. While plaintiff was on it, in a place where it was his duty to be, and while he was assisting in the work, he was injured. The work he was doing was incidental to his main work. While he was doing it, his relationship to his train remained. And that is so, even if he was engaged in intrastate commerce at the time. It is "the effect of the injury upon interstate commerce" which controls. By his injuries, the work of interstate commerce was interrupted, and he is, therefore, entitled to the benefit of the act. *Southern Ry. Co.* v. *United States,* 222 U. S. 20–27; *Second Employer's Liability Cases,* 223 id. 1; *Carr* v. *N. Y. C. & Hudson R. R. R. Co.,* 77 Misc. Rep. 346; affd., 238 U. S. 260. The motion for a general verdict in favor of plaintiff is, therefore, granted.

Ordered accordingly.