(No. 25889.- )

JESSE W. MITCHELL, Appellant, *vs.* THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellee.

*Opinion filed February 14, 1941.*

JOSEPH B. McGLYNN, (JOHN J. HOBAN, of counsel,) for appellant.

FARMER, KLINGEL & BALTZ, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Jesse W. Mitchell, brought an action in the city court of East St. Louis, to recover damages under the Federal Employer's Liability act for injuries sustained while employed as a switchman by the defendant, the Louisville and Nashville Railroad Company. At the conclusion of the plaintiff's evidence, and again at the close of all of the evidence, defendant moved to instruct the jury to find it not guilty. The motions were denied. The jury returned a verdict of $32,400 in favor of plaintiff, and judgment was rendered on the verdict. Upon appeal, the Appellate Court for the Fourth District held that the trial judge should have directed a verdict for defendant, because the record contained no competent evidence tending to show that plaintiff was engaged in interstate commerce at the time he was injured, and reversed the judgment of the city court, without remanding the cause. (*Mitchell* v. *Louisville and Nashville Railroad Company,* 305 Ill. App. 635.) Upon leave to appeal granted plaintiff, the record is before us for a further review.

The evidence, so far as determinative of whether plaintiff was engaged in interstate commerce at the time of the

accident, will be reviewed for the sole purpose of deciding the propriety of the rulings on the respective motions to direct a verdict. July 3, 1938, plaintiff, fifty-five years of age, was a switchman in a crew employed in the "Decoursey Yards" of defendant, a common carrier in interstate and intrastate commerce, near Covington, Kentucky. The Decoursey Yards consist of several classification subyards, where freight trains arriving from other points are broken up and the cars classified or grouped, and made into trains, according to their connecting and destination points, or to their character. Between yards designated "A" and "B," cars are moved by force of gravity over two humped or inclined tracks. About 2:50 A.M. on the day named, plaintiff's crew was engaged in switching one car from yard "A" or "B" to a yard designated as No. 8, and seven cars from yard "B" to one of the inclined tracks. The engineer, proceeding under signals given by plaintiff in accordance with the foreman's orders for the placement of cars, ran the eight cars onto the hump track, where seven cars were uncoupled. Pursuant to plaintiff's signal, which he testified was to back up, and defendant's witnesses stated was to move forward, the engineer gave the uncoupled cars a sudden forward push down the incline. Plaintiff, running forward, boarded one of the cars in order to apply a hand brake. When they struck other cars standing on the track, he was thrown to the ground and injured.

Nine days before the cause came on for trial the plaintiff presented his motion in writing asking for the production of records and documents which would show the cars involved in the movement in the yard, and with which plaintiff was at work at the time of the accident. Defendant answered that a greater time would be required to investigate its records which were kept at Louisville and Covington, Kentucky, in order to obtain the information needed. The court entered an order upon the defend-

ant to produce the required records and documents. Upon the trial it appears that the defendant had not produced the records required by the order previously entered and counsel for defendant stated that there were no records showing the movements of the cars in question. Thereupon, plaintiff testified that shortly before the accident the crew foreman had directed him to obtain a car of "perishables" from track 1, in yard "A" or "B," and seven cars from yard "B"; that he distinguished the first car, which was sealed, from others on track 1 by a yellow card on its side, containing the word, "perishables," in red letters and, written in pencil, "Memphis Line, from Cincinnati, Ohio." He further stated that the crews classify cars according to these cards, and that the described card meant that the car had come from Cincinnati, and was destined to or beyond Memphis, Tennessee. Defendant objected to the competency of this testimony, and to its admissibility as secondary evidence in the absence of prior notice to produce a card attached to the side of a car. The record does not disclose the destination of the seven cars from yard "B," known as "west-enders," or cars regularly destined for connecting lines and points north of the yards, the majority going to Cincinnati. The foreman of plaintiff's crew did not testify, and defendant offered no evidence of the existence, meaning or authenticity of cards on, or of the contents, origin or destination of, any cars in its yards, including those moved by plaintiff's crew.

Plaintiff contends that the trial court properly denied defendant's motions for a directed verdict because the record contains evidence that at the time of the accident he was moving cars designated for interstate transportation, and therefore, was engaged in interstate commerce. In considering a motion for a directed verdict, the evidence must be regarded in its aspects most favorable to the party opposing the motion. (*Western Atlantic Railroad Co.* v. *Hughes,* 278 U. S. 496; *Blumb* v. *Getz,* 366

Ill. 273.) Where plaintiff's evidence unquestionably tends to establish a cause of action, the Appellate Court is not authorized to reverse a judgment upon a verdict in favor of plaintiff, without remanding the cause. (*Darmody* v. *Kroger Grocery Co.* 362 Ill. 554; *Mirich* v. *Forschner Contracting Co.* 312 id. 343.) When the Appellate Court reverses a judgment for the plaintiff without remanding, as here, this court will examine the evidence to determine whether it tends to establish the cause of action alleged. *Shutan* v. *Blumenthal,* 371 Ill. 244; *Toombs* v. *Lewis,* 362 id. 181.

An employee of a railroad company, at the time he sustains an injury, is engaged in interstate commerce within the meaning of the Federal Employers' Liability act, if he is engaged in interstate transportation or in some work so closely related to it as to be practically a part of it. (*Shanks* v. *Delaware, Lackawanna and Western Railroad Co.* 239 U. S. 556.) This test includes preparatory movements in aid of interstate commerce. (*Southern Railway Co.* v. *Puckett,* 244 U. S. 571.) A switchman is not engaged in interstate commerce when the cars he is moving in a railroad yard have not been designated for interstate commerce and his purpose is not to facilitate the movement of cars so designated. (*Gidley* v. *Chicago Short Line Railway Co.* 346 Ill. 122; *Chicago and Northwestern Railway Co.* v. *Bolle,* 284 U. S. 74; *Heffner* v. *Pennsylvania Railroad Co.* 81 Fed. (2d) 28.) Conversely, if the cars have been assigned to interstate commerce, or if the purpose of the switching is to facilitate the movement of interstate cars, the switchman is engaged in interstate commerce. (*Kiefer* v. *Elgin, Joliet and Eastern Railway Co.* 351 Ill. 634; *Louisville and Nashville Railroad Co.* v. *Parker,* 242 U. S. 13; *Southern Railway Co.* v. *Puckett, supra.*) It is sufficient to bring the activity within the Federal act, that one or more of the cars being moved has been designated for interstate transportation, irrespec-

tive of whether a specific train is being prepared at the time. *Chicago, Rock Island and Pacific Railway Co.* v. *Benson,* 352 Ill. 195; *Devine* v. *Chicago, Rock Island and Pacific Railway Co.* 266 id. 248; *Louisville and Nashville Railway Co.* v. *Parker, supra; Grand Trunk and Western Railroad Co.* v. *Boylan,* 81 Fed. (2d) 91.

Defendant insists that it was error to permit plaintiff to testify concerning the foreman's order to obtain a car of perishables from track 1, and describe the card on the side of the car moved from track 1, for the reason that this testimony was hearsay and incompetent. The foreman's description of the car, as containing perishables, unlike the statements found objectionable in cases cited by defendant, was necessary to plaintiff's selection of the intended car and, consequently, to the performance of his work. Similarly, since the cars are classified and switched in the yards according to directions found in their attached cards and other markings, plaintiff's testimony is admissible concerning the presence and meaning of the card on the car in question. (*Kiefer* v. *Elgin, Joliet and Eastern Railway Co. supra.*) Markings on cars are of the same nature as way-bills, and a witness, without producing the original records, may describe their contents as tending to prove that the cars were employed in interstate commerce. (*Wagner* v. *Chicago, Rock Island and Pacific Railway Co.* 277 Ill. 114; *McNatt* v. *Wabash Railway Co.* 341 Mo. 516.) The evidence fails to disclose how defendant's foremen or their switching crews can locate or classify cars in its yards, without relying upon the authenticity of marks on the cars, in the absence of records of movements within the yards. Moreover, defendant, having failed and refused to produce any records or other evidence to show what cars were present in the yards on the night of the accident or were involved therein, cannot complain against the admission of the best evidence available to plaintiff, and every presumption and intendment will be indulged against de-

fendant. *International Sales Co.* v. *Industrial Com.* 365 Ill. 436; *Kaplan* v. *Stein*, 329 id. 253; *Baltimore and Ohio Railroad Co.* v. *Flechtner*, 300 Fed. 318.

The testimony of plaintiff, standing alone, tends to establish that one of the cars in the group being moved at the time of the accident contained perishable goods and had been designated for and assigned to a movement from Cincinnati to Memphis, or beyond. This testimony is uncontradicted, and constituted proof from which the jury could have found that plaintiff was engaged in interstate commerce.

The Appellate Court has reversed the judgment of the trial court without remanding. Where there is any evidence to support the plaintiff's cause of action the Appellate Court should not enter such a judgment but if it finds that the judgment of the trial court is manifestly against the weight of the evidence it should reverse and remand for a new trial. The judgment of the Appellate Court is, therefore, reversed and the cause is remanded to that court, with directions to consider the weight of the evidence and to consider any other errors relied upon for a reversal.

*Reversed and remanded, with directions.*