**CAPITAL TRANSIT COMPANY,**
Appellant,

v.

**Joseph B. SIMPSON, Jr., et al.,**
Appellees.

**No. 12900.**

United States Court of Appeals District of Columbia Circuit.

Argued April 23, 1956.

Decided June 7, 1956.

Petition for Rehearing Denied July 11, 1956.

Certiorari Denied Oct. 22, 1956. See 77 S.Ct. 103.

Mr. George D. Horning, Jr., Washington, D. C., with whom Mr. John P. Arness, Washington, D. C., was on the brief, for appellant.

Mr. David G. Bress, Washington, D. C., with whom Mr. Alvin L. Newmyer, Jr., Washington, D. C., was on the brief, for appellees.

Before EDGERTON, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

EDGERTON, Chief Judge.

A husband and wife were killed when the automobile she was driving and in which he was riding struck the rear of a stationary Transit Company bus. The accident occurred in Maryland. An action for wrongful deaths was brought against the Transit Company in the United States District Court for the District of Columbia. The jury returned a verdict for the defendant on the claim for the wife's death and for the plaintiff on the claim for the husband's death. The defendant appeals.

■ We think the evidence relating to negligence of the defendant justified the trial court in submitting that issue to the jury.

The automobile in which the husband and wife were riding was registered in his name, though there was some evidence it was bought with their joint funds. The defendant asked the court to rule as a matter of law that the wife's negligence must be imputed to the husband. The court ruled as a matter of law that her negligence must not be imputed to him. In our opinion neither proposition is correct.

■■ Since the accident occurred in Maryland, Maryland law must be applied. "If the car is negligently operated, it is presumed that the owner consented to the negligence. Therefore, *in the absence of proof that he abandoned the right of control*, he is liable for any damage resulting from the negligence of the driver." Powers v. State, 178 Md. 23, 28, 11 A.2d 909, 911. (Emphasis added.) We have no reason to think a different rule applies in respect to imputing the driver's negligence when the owner-passenger is not being sued but is suing a third person. See Wallace v. Fowler, 183 Md. 97, 104, 36 A.2d 691, 694.

■ The defendant says in its reply brief that the question of the husband's responsibility for his wife's negligence should "at the very least" have been submitted to the jury "under proper instructions". It should have been submitted to the jury if that course had been

requested. But the defendant not only failed to ask the trial court to submit the question to the jury, but went further and induced the court to exclude evidence offered by the plaintiff which bore directly on the question whether the husband had expressly or impliedly transferred all right of control to his wife. Cf. Myles v. Philadelphia Transportation Co., 3 Cir., 189 F.2d 1014, 1017–1018. Since "the only ruling requested was properly denied, the judgment must stand." Louisville & Nashville R. Co. v. Parker, 242 U.S. 13, 15, 37 S.Ct. 4, 5, 61 L.Ed. 119.

Affirmed.