14739.   THARP *v.* CENTRAL OF GEORGIA RAILWAY CO.

STEPHENS, J.   1. An employee of a railroad company, while being carried to and from his place of work as a part of the contract of service, is regarded as a servant of the company, and not as a passenger. His status as such is not altered by the fact that his right to travel under his contract of service is evidenced by a so-called free pass, containing a stipulation printed thereon and assented to by him, that it is given by the company as a gratuity only, and upon the condition that he releases the company from all liability for injuries which may be received by him as a result of the company's negligence while using this pass. See, in this connection, *Southern Ry. Co.* v. *West,* 4 *Ga. App.* 672 (62 S. E. 141); Beale & Wyman, Railroad Rate Regulation (1st ed.), § 153.

2. Since such an employee is not a person riding gratuitously and receiving transportation extended to him by the company as a favor and

without consideration, the company cannot, in a suit by the employee for injuries received while riding to his work (which in the case under consideration was between two points within this State), defend upon the ground that the plaintiff when injured was riding upon a free pass which entitled the employee to transportation only between two points within this State, and that the defendant was for this reason not liable to him for any injuries caused as a result of the failure of the defendant to exercise due care.

3. This being a suit against the railroad company by a person injured while riding upon one of the defendant's trains, and the evidence authorizing the inference that the plaintiff was at the time an employee under circumstances above indicated, and there being some evidence that the plaintiff's injuries were received as a result of the failure of the defendant to exercise towards the plaintiff the degree of care legally due him under such circumstances, it was error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1924.

Action for damages; from Fulton superior court—Judge Ellis. June 4, 1923.

Certiorari was denied by the Supreme Court.

*T. J. Lewis, T. L. Slappey,* for plaintiff.

*Little, Powell, Smith & Goldstein,* for defendant.