Defendant in error's intestate, Frank Cardella, was killed while in the employ of plaintiff in error. A claim for compensation was filed before the Industrial Commission and a hearing had which resulted in a recommendation by the arbitrator that compensation be awarded. The Industrial Commission on review, and hearing further evidence, confirmed the finding of the arbitrator. The superior court of Cook county sustained that finding. The cause is here on writ of error. *Page 452 
On and for some time prior to the date of the death of Cardella he was employed in the freight yards of plaintiff in error driving a tractor, to which trailers used in collecting refuse and debris picked up in plaintiff in error's freight yard were attached. This yard is used as a switching and terminal yard. The use of tracks in this yard is leased to various railroads, including the Chesapeake and Ohio Railroad Company, which latter company maintains in the yard an in-bound and out-bound freight house. The track immediately west of this freight house was designated track No. 1. On it the Chesapeake and Ohio trains were assembled ready to be moved out of the city. Train No. 94 was scheduled to leave the city from this track late in the afternoon or early evening of each day. On December 18, 1929, at the time Cardella was injured, train No. 94, consisting of fifty merchandise cars, was made up and standing on track No. 1. The first stop after leaving Chicago was to be at Peru, Indiana. Under the practice followed by plaintiff in error and its tenant roads, trains were made up under the orders of the tenant roads by switch engines owned by plaintiff in error. The operation of all trains departing from the yard was under the supervision and control of plaintiff in error, acting through its trainmaster. Plaintiff in error's track supervisor was required to keep the yard and all tracks and switches in repair and working order. On the day of the injury and death of Cardella a high wind and heavy snowfall, amounting to a severe blizzard, obtained throughout the city of Chicago. Deceased drove the tractor until three o'clock on that day and was then directed to assist in cleaning the switches, frogs and switch-points of track No. 1 for train No. 94, as the switches could not be operated until the snow had been removed from them. Train No. 94 consisted of cars consigned to various points in Indiana and various other States east. While Cardella was crossing the yard to engage in work of cleaning the switches for train No. 94 he was *Page 453 
struck and fatally injured by a truck owned by one Fred Bartuch, which was being driven through the yard. It does not appear that Bartuch had anything to do with the operation of the railroads or yard. Owing to the storm the train was unable to leave the yard until about 9:50 P. M., when it left in charge of the conductor of the Chesapeake and Ohio railroad. Train No. 94 was an interstate train. In the yard in which Cardella was employed at the time he was killed, cars were loading for interstate and intrastate commerce.
Plaintiff in error contends here that the undisputed evidence shows that at the time Cardella was killed he was employed in interstate commerce or in work so closely related thereto as to be practically a part thereof. That is the only question in the case. The employment of Cardella at the time of his injury is controlling. (Shanks v. Delaware, Lackawanna and WesternRailroad Co. 239 U.S. 556, 60 L. ed. 436; Chicago andNorthwestern Railway Co. v. Bolle, 76 U.S. (L. ed.) 90.) Whether the employment was in interstate commerce depends upon whether Cardella was at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it. (Spencer v. Chicago andNorthwestern Railway Co. 336 Ill. 560; Shanks v. Delaware,Lackawanna and Western Railroad Co. supra; New York CentralRailroad Co. v. Carr, 238 U.S. 260, 59 L. ed. 1298.) Employment which has for its immediate purpose the furthering of the conduct of interstate commerce constitutes employment in such commerce within the meaning of the Federal Employers' Liability act. (Kinzell v. Chicago, Milwaukee and St. Paul Railroad Co.250 U.S. 130, 63 L. ed. 893; New York Central Railroad Co. v.Carr, supra; Louisville and Nashville Railroad Co. v.Parker, 242 U.S. 13, 61 L. ed. 119; Pecos and N. T. R. R. Co.
v. Rosenbloom, 240 U.S. 438, 60 L. ed. 730; Southern RailwayCo. v. Puckett, 244 U.S. 571, 61 L. ed. 1321.) In Pedersen v.Delaware, Lackawanna *Page 454 and Western Railroad Co. 229 U.S. 146, 57 L. ed. 1125, andKinzell v. Chicago, Milwaukee and St. Paul Railroad Co. supra, it was held that a workman employed in maintaining interstate railroad tracks is employed in interstate commerce. In SouthernRailroad Co. v. Puckett, supra, it was held that preparatory movements in aid of interstate commerce are a part of such commerce within the meaning of the Federal Employers' Liability act and become such when the workmen on the carrier's premises make a forward move to serve in that traffic and continue until the service is completely disassociated therefrom. This was also the holding in Gidley v. Chicago Short LineRailway Co. 346 Ill. 122, and Peterson v. Pennsylvania RailroadCo. 284 Pa. 577.
If Cardella was employed in interstate commerce at the time of the accident resulting in his death he was not under the Workmen's Compensation act of this State, as the Federal Employers' Liability act governs to the exclusion of the State Compensation act when such facts appear. (North CarolinaRailroad Co. v. Zachary, 232 U.S. 248, 58 L. ed. 591.) At the time of the injury Cardella had been directed to assist in cleaning the switches, frogs and switch-points in order to enable the Chesapeake and Ohio train to be moved in interstate transportation and was proceeding in that employment. The operations involved in clearing those switches were in interstate transportation. (Southern Railroad Co. v. Puckett,supra; Pedersen v. Delaware, Lackawanna and Western RailroadCo. supra.) Under these facts it cannot be doubted that Cardella was at the time of his injury engaged in interstate commerce. This being so, the Compensation act of this State does not apply.
The judgment of the superior court of Cook county is reversed and the award is set aside.
Judgment reversed and award set aside.
Mr. JUSTICE ORR, dissenting. *Page 455