27176. SOUTHERN RAILWAY CO. *v.* HIGHSMITH, admx.

660

Decided March 16, 1939.

*Charles J. Thurmond, R. W. Smith Jr., Wheeler & Kenyon,* for plaintiff in error.

*John S. Wood, Arnold, Gambrell & Arnold,* contra.

MacIntyre, J. This bill of exceptions was taken from an order of court refusing a petition to remove the suit brought in the city court of Hall County to the United States district court for the northern district of Georgia. The suit was brought in two counts. The first count is under the Federal employer's liability act; the second count is under the general law applicable in Tennessee for a crossing collision.

In substance, the petition sets forth that on December 21, 1937, the decedent Highsmith was in the defendant's employ as assistant signal maintainer; that he worked under the orders of his superior, Melton, who was signal maintainer of the defendant; that it was the duty of Melton and the decedent to inspect and work on the electric signal system, the spring switches, and parts of the track for a territory of about thirty miles; that it was the general custom and practice of the employees to use either a motor car operating over the rails to go to the place where they were to work, or an automobile operating along the highway parallel with the railroad, and it was the general custom and practice to use an automobile when the weather was bad; that on this occasion the track was wet and slippery and the motor car was not well adapted for such weather conditions; that it could not make the speed because of the wet track and it was open and unprotected; that there was heavy traffic on the railroad at this time which made the use of a motor car slow as it had to be removed from the track or run on a siding in time to clear the track for passenger and freight traffic; that the day on which the decedent was killed was a half holiday and the next two days were full holidays and because of this the work had

to be done as quickly as possible; that the signal maintainer, Melton, who had been ill from exposure on the previous day and who would have been unable to do the work by using the motor car, and who, had he used the motor car, would have been exposed to additional physical disability because of the bad weather, decided to use an automobile which he furnished for the use of the defendant for said work and the defendant's section foreman for that section, the decedent; that the signal maintainer, Melton, proceeded from Athens, Tennessee, northward for the purpose of inspecting spring switches, and they were assisted by the section foreman in that work, and by the doing of work on the switches the same would prevent interference with traffic; that they had proceeded with said automobile to a point on the defendant's track where there were certain spring switches which were to be inspected; that the road approaches the crossing up a steep grade; that the automobile was driven by Melton; that there were obstructions to the view, consisting of a heavy growth of brush and small trees, a bank, and other obstructions; that the decedent was riding on the back seat of the automobile and all were engaged in the service of the defendant traveling in a vehicle used in the defendant's service with the defendant's knowledge and consent; that they were upon the defendant's premises and intended after crossing the track to leave the automobile on the defendant's right of way, or near thereto, clear of the track, and to work on certain spring switches on defendant's track which were only about twenty feet away from the crossing; that decedent worked under Melton and had no control over the movements of the automobile; that when the automobile got upon the track a passenger-train of the defendant which was not running on schedule time approached from the north and collided with the automobile and killed all three of the occupants.

That the collision occurred as the proximate result of the negligence of the defendant, in that the engineer and fireman in charge of the locomotive negligently failed to exercise ordinary care in keeping a proper lookout ahead; in that the train was negligently running sixty miles per hour; in that the crossing was dangerous and the view largely obstructed; and in that the engineer failed to signal his approach to said crossing at a reasonable distance from the same, to wit, three hundred yards, by blowing the whistle of the locomotive; in that when the automobile appeared, approaching the

crossing and just before entering same, the engineer failed to sound the alarm whistle as ordinary care required; in that the defendant had negligently failed to keep in repair the railway track; in that the defendant had failed to properly fill in the spaces between the rails on said crossing, and had allowed the rails to project up abruptly from four to five inches, which formed an obstruction to the passing of an automobile over the crossing and caused the said automobile to be impeded and slowed up. It is further alleged that the signal maintainer who drove the automobile was negligent in that he was driving upon the crossing without the proper exercise of his senses of hearing and seeing; that decedent had no control over the movements of the automobile, being in the back seat and having no opportunity, as did those in the front part of the same, for observation; that the automobile had only two doors which opened for the front seat, and a person on the back seat had no way of egress therefrom until those on the front seat had opened the doors and turned the seats.

The petition in the first count also alleges that the decedent, his foreman, and the defendant were engaged in interstate commerce, and it is alleged in paragraphs 23 and 24 of the first count that the men were working in and about the defendant's track and the signal system connected therewith on which interstate trains and trains engaged in interstate commerce were operating; that the defendant operates a line of railways in the States of Virginia, North and South Carolina, Georgia, Alabama, Tennessee, and other States; that the passenger-train which collided with the automobile driven by said Melton was likewise engaged in interstate commerce and contained passengers, express and baggage, bound from one State of the Union to another.

The allegations of fact in count 1 of the petition sufficiently allege that at the time of the accident both the decedent and the railway company were engaged in interstate commerce, and was sufficient to bring it under the provisions of the Federal employers' liability act. Pedersen v. Delaware &c. R. Co., 229 U. S. 146 (33 Sup. Ct. 648, 57 L. ed. 1125, Ann. Cas. 1914C, 153) ; Miller v. Central &c. Co., 58 Fed. (2d) 635, and cit.; *Gray* v. *Garrison,* 49 *Ga. App.* 472 (176 S. E. 412) ; Illinois R. Co. v. Industrial Com., 349 Ill. 451 (182 N. E. 626) ; certiorari was denied in Chicago &c. R. Co. v. Industrial Com., 284 U. S. 296 (52 Sup. Ct. 151, 76 L. ed.

304, 77 A. L. R. 1367) ; Rocco v. Lehigh Valley Ry. Co., 288 U. S. 275 (53 Sup. Ct. 343, 77 L. ed. 743) ; *Smith* v. *Bugg, 35 Ga. App.* 488 (134 S. E. 116) ; *Tharp* v. *Central of Ga. Ry. Co., 31 Ga. App.* 598 (121 S. E. 592). See Boston &c. R. Co. v. Armburg, 285 U. S. 234, 239 (52 Sup. Ct. 336, 76 L. ed. 729) ; and Wright v. Vinton Branch Bank of Roanoke, 300 U. S. 440, 457 (57 Sup. Ct. 556, 81 L. ed. 736, 112 A. L. R. 1455), where the Pedersen case, supra, was quoted. The case of Chicago &c. R. Co. v. Industrial Commission, supra, relied on by the plaintiff in error, is distinguishable on its facts from the instant case.

We come now to the question whether a case for the negligent homicide of a railroad employee is removable from a State court to a Federal court where the action is brought in a State court and the petition is in two counts, one based on the Federal employers' liability act and the other based wholly on a State law, and where there is but one case and only one recovery is sought. Section 6 of the employers' liability act of April 22, 1908, c. 149 (35 Stat. 66), as amended by section 1 of the act of April 5, 1910, c. 143 (36 Stat. 291, U. S. Comp. St. Supp. 1911, 1324, 45 U. S. C. A. § 56), provides as follows: "Under this act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States, and no case arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Section 28 of the Judicial Code (act March 3, 1911, c. 231, 36 Stat. 1094, U. S. Com. St. Supp. 1911, 140, 28 U. S. C. A. § 71), which went into effect January 1, 1912, provides, among other things as follows: "Any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at

law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State. . . Provided, that no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employees in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Judge Sanford, who was later a Justice of the Supreme Court of the United States, in construing the above-quoted sections, said: "I think it clear that the effect of the proviso in section 28 of the Code is to except cases arising under the employers' liability act and pending in State courts from the classes of cases whose removal to the Federal courts is authorized under the preceding provisos of that section, and to so qualify the broad language used in the preceding portions of this section as to exclude from its provisions any and all cases of this character. In other words, in my opinion, the effect of this proviso is the same as if the preceding enacting provisions of the section had expressly excepted from each class of cases which might be removed to the Federal courts all cases arising under the employers' liability act and pending in the State courts." Patton v. Cincinnati &c. Ry., 208 Fed. 29, 31. It results that Congress has expressly withheld from Federal courts, as a class, jurisdiction in cases arising under the employers' liability act previously brought in a State court. Patton case, supra.

The plaintiff in error urges that under the United States constitution and laws the defendant in error can not, by filing a suit "in one count based upon the Federal employers' liability act and in another count based upon a State law which renders the case one of which the Federal courts clearly have jurisdiction thereby obtain for himself the benefit of selecting a forum in which to try his case where he can at the trial waive any right under the Federal employers' liability act and elect to stand on the State statute or [on] a count of his petition based thereon. [He further states:] In the solution of this problem may we point out: 1. 'The judicial power shall extend to all cases, in law and equity, arising

under this constitution, the laws of the United States, etc.' Article 3, § 2, clause 1, of the constitution of the United States. We submit Congress could not under this express provision pass a law giving to an employee a right of action and at the same time deprive a United States court of jurisdiction. 2. A cause of action arising under the Federal employers' liability act is one 'arising . . under the laws of the United States,' and Congress can not create the right and deny the jurisdiction. 3. A controversy involving more than $3000 exclusive of interest between citizens of different States is one of which United States courts have jurisdiction." In support of these contentions the plaintiff in error relies on National Surety Co. v. Mutual Veneer Co., 66 Fed. (2d) 88, and cases there cited which sustain his argument. However, there is a conflict in the decisions of the U. S. district courts, as shown by Reese v. Southern Ry. Co., 26 Fed. (2d) 367, and cit.

The "right of action" pertains to the remedy and how relief will be obtained through judicial procedure. The statutes above referred to set forth what would be a cause of action and then set forth the means by which the cause is satisfied,—a remedy,—a right of action. Dennison v. Payne (C. C. A.), 293 Fed. 333, 334. The statutes gave to the employee a cause of action and a cause of action may exist though the remedy sought does not. Talbott v. Hill, 261 Fed. 244, 49 App. D. C. 96. Under the above statutes, the cause of action in the instant case does exist, but at the time it was sought to be removed the employee had no remedy or right of action in the United States courts, for this case was pending in the State court, and, under the statutes, cases pending in the State courts were excepted from the class of cases to which the statutes gave the Federal courts jurisdiction. The statutes gave a right of action, a remedy, in the Federal courts, to a certain class of cases of which this case would have been one but for the fact that it was excepted from the operation of the statutes by the statutes themselves. The statutes did not deprive the United States court of jurisdiction of this case, they simply never gave it jurisdiction; for immediately upon the pendency of this case in the State court, it thereupon became one of that class of cases to which the statutes do not give the United States courts jurisdiction. Reese v. Southern Ry. Co., 26 Fed. (2d) 367.

The instant case, under the facts as disclosed by the petition,

was not removable to the United States court. While the authorities cited by the plaintiff in error show clearly that there is a conflict in the decisions in the United States district courts, we are following Reese *v.* Southern Ry. Co., 26 Fed. (2d) 367, Mitchell *v.* Southern Ry. Co., 247 Fed. 819, and Jones *v.* Southern Ry. Co., 236 Fed. 584, all of which were decisions of the district court in which we are located, and which hold that such cases are not removable to the United States court.

*Judgment affirmed.   Sutton and Guerry, JJ., concur.   Broyles, C. J., disqualified.*