## PENNSYLVANIA COMPANY *v.* DONAT.

ERROR TO THE COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 564. Motion to dismiss or affirm submitted October 18, 1915.— Decided November 1, 1915.

In an action based on the Employers' Liability Act the trial court properly submitted to the jury for its determination whether on the facts shown in regard to movement of cars coming from without the State, the plaintiff was or was not engaged in interestate commerce and

properly refused to charge that he was not so engaged and therefore could not recover.

A writ of error to review such a judgment is so frivolous as not to need further argument and a motion to affirm must be granted under § 5 of Rule 6.

224 Fed. Rep. 1021, affirmed.

THE facts, which involve the duty of this court in the case of a frivolous appeal in a case under the Employers' Liability Act, are stated in the opinion.

*Mr. Rufus S. Day, Mr. Samuel Herrick, Mr. R. B. Newcomb, Mr. James B. Harper, Mr. A. G. Newcomb, Mr. E. C. Chapman, Mr. George M. Skiles, Mr. Thomas J. Green, Mr. Roscoe C. Skiles* and *Mr. Otto E. Fuelber,* for defendant in error in support of the motion.

*Mr. Samuel O. Pickens, Mr. Frederic D. McKenney, Mr. Elmer E. Leonard, Mr. James H. Rose* and *Mr. Fred E. Zollars* for plaintiff in error in opposition to the motion.

Memorandum opinion by MR. JUSTICE MCREYNOLDS, by direction of the court.

The question presented upon this writ of error is "so frivolous as not to need further argument," and the motion to affirm the judgment below must be granted. (Rule 6, § 5.)

Basing his claim upon the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, Marion Donat began the original action in the United States District Court for Indiana against the Pennsylvania Company, a carrier by railroad, to recover damages for personal injuries alleged to have been suffered by him while employed as a yard conductor. The trial court refused a request to charge that he was not engaged in interstate commerce when the accident occurred and therefore could not re-

cover. This refusal is the sole ground upon which error is now asserted.

Two loaded coal cars coming from without the State were received in the carrier's yard at Fort Wayne, Indiana. They were destined to Olds' private switch-track connecting with the yard; and acting under instructions Donat commenced the switching movement requisite to place them thereon. There was evidence tending to show that in order to complete this movement it became necessary to uncouple the engine from the loaded cars and with it to remove two empty ones from the private track. While engaged about the removal defendant in error was injured; The trial court submitted to the jury for determination whether he was engaged in interstate commerce at the time of the injury, and in approving such action (224 Fed. Rep. 1021) the Circuit Court of Appeals was clearly right. *N. Y. Cent. & Hudson River R. R.* v. *Carr,* 238 U. S. 260, 262–263.

*Affirmed.*