## PENNSYLVANIA R. CO. v. MORRISON.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1925.)

No. 4100.

Commerce ⬅➡27(7)—Employee killed when moving car to make up train held employed in "interstate commerce."

A railroad employee, who when killed was engaged in the moving of an intrastate car for the purpose of placing it in a train being made up and containing both intrastate and interstate cars, held to have been employed in "interstate commerce."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Laura I. Morrison, administratrix of the estate of James J. Morrison, deceased, against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Norman A. Emery, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for plaintiff in error.

Mr. Luther Day, of Cleveland, Ohio (Day & Day and Robert H. Dawson, all of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. The sole question for determination on this writ of error is whether or not the trial court erred in instructing the jury that the deceased, at the time of his death, was employed in interstate commerce.

Deceased was a brakeman in a shifting crew at defendant's Sharpsburg, Pa., yards. Just prior to the accident, which happened at 9:15 p. m., the engine in charge of this crew had pulled out a car loaded with freight for intrastate delivery, from a train consisting largely of interstate traffic cars. The accident, a collision, happened while this engine was pushing this single car ahead towards track No. 2. The conductor had received orders to have it put over the hump onto the so-called Panhandle classification track No. 2, whereon cars were placed at any time during the day and night. The cars so placed were gathered into a train that left once in 24 hours, ordinarily between 8:30 p. m. and midnight, for another classification yard 10 miles away. There they were to be reclassified and allocated to Panhandle trains to be hauled to their ultimate destinations.

But for the wreck, the car would have gone over the hump onto No. 2 track and become part of the train which pulled out at 12:30 a. m. for the 10-mile run, with 43 cars, many destined to points in other states. While the yardmaster could not testify positively which, if any, of these cars were on track No. 2 at 9:15 p. m., he did testify that some were undoubtedly there; that they were classifying cars at all hours of the day and night.

In these circumstances, the deceased, in our judgment, was, at the time of the collision, engaged in work so closely related to interstate commerce as to be practically a part of it. See Shanks v. Railroad Co., 239 U. S. 556, 558, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797.

We reach this conclusion, not because the car in question had been a part of an interstate train before it was drilled out or because it was expected, after its ultimate allocation, to be a part of a train hauling it with interstate cars to their ultimate destination, but because at the very moment of the collision it was moving towards track No. 2 for the very purpose of forming part of a once in 24 hours train, to depart within a few hours, ordinarily and when it so departed in fact hauling cars some of which were in interstate transportation. For as to such cars every movement, whether a switch within one yard or between two clas-

sification yards, or a haul either from the point of origin or to the point of destination, forms a part of the entire interstate transportation. And railroad employees engaged in the act of moving an intrastate car for the very purpose of causing it to become part of such a train participate in, further, and facilitate the interstate work. See Davis, Agt., v. Dowling (C. C. A. 6) 284 F. 671.

Judgment affirmed.