## BALTIMORE & O. R. CO. v. DARLING.

(Circuit Court of Appeals, Sixth Circuit. February 4, 1925.)

No. 4133.

**1. Commerce ⬅➡27(7)—Brakeman held employed in "interstate commerce" when injured.**

That a brakeman, when injured, was riding an intrastate car down a grade on a classification track to place it with others, both intrastate and interstate, then being made up for an interstate train, *held* to warrant a finding that he was employed in "interstate commerce."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

**2. Commerce ⬅➡27(7) — Work of brakeman when injured held a part of interstate commerce.**

Where a brakeman at the time of injury was engaged in controlling the movement of a car on a yard track to prevent it from coming into collision with interstate cars of a train then being made up, his work was so bound up with interstate commerce as to constitute a part thereof.

**3. Witnesses ⬅➡388(2)—Prior statement intended to impeach witness should be produced on his cross-examination.**

Where it is intended to impeach a witness by a prior written report made by him, it should be produced on his cross-examination.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Ray Darling against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. P. Wood and W. T. Kinder, both of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley and J. W. Reavis, all of Cleveland, Ohio, on the brief), for plaintiff in error.

R. B. Newcomb, of Cleveland, Ohio (Newcomb & Nord, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. On the night and at the time that he was injured, plaintiff, one of defendant's yard brakemen, a man of 18 years' railroad experience, was engaged in riding an intrastate car over the hump or gravity track to classification track 14. His specific task was to control the car by means of a brake, so that when moving by gravity it might not collide with the other cars on the classification track to their and its possible damage.

Track 14 was the shortest track in the yard. At the time of the accident a number of cars, intrastate and interstate, were on it. It was nearly full. All of them were hauled out, forming an interstate train, a few hours later. The car in question, pursuant to custom in case of an accident, was cut out and placed on a scale track for inspection.

The testimony shows that all of the cars on a classification track are not necessarily included in one train. There was, however, nothing tending to show that this car would not have been included in the interstate train but for the accident. Affirmatively plaintiff testified that at the time he was hurt he "was engaged in building a train on track 14." On cross-examination he stated: "I was building a train; in other words, I was putting cars on a classification track." Further, this car was destined to a point in the state which necessitated its going to Lorain, Ohio. The interstate train from track 14 went to Lorain, in order there to transfer its interstate cars to another carrier.

[1] The issue as to whether or not plaintiff and defendant were engaged in interstate commerce at the time of the accident was submitted to the jury. In our judgment, the evidence justified the submission and the finding. While it was not as strong as in the Morrison Case, 3 F.(2d) 986, decided by this court January 5, 1925, plaintiff's statement that he was at the time engaged in building a train is some evidence that the car in question was being put on track 14, not for later classification, but as part of a then forming and almost completed interstate train. True, there was a possibility, though not a probability, of its being subsequently cut out, even if no accident had happened. In fact, no one of the

50 to 55 cars then on the track was cut out. But this possibility did not alter the fact that, as plaintiff testified, he "was building a train on that track"; in other words, the fact that he was controlling the movement of a car for the very purpose of making it a part of an interstate train soon to move on in interstate commerce. This work was, in our judgment, so closely related to interstate commerce as to be practically a part of it. Reap v. Hines, 273 F. 88 (C. C. A. 2); Shanks v. Railroad Co., 239 U. S. 556, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; Erie R. R. Co. v. Szary, 253 U. S. 86, 40 S. Ct. 454; 64 L. Ed. 794.

[2] The finding may, however, be rested on other undisputed facts. At the moment of the injury plaintiff's task of controlling the car was for the purpose of preventing damage, not only to it, but to the interstate cars on track 14, with which it might otherwise collide. This work done for this purpose was an operation so bound up with interstate commerce as to constitute a part thereof. Railway v. Carr, 238 U. S. 260, 35 S. Ct. 780, 59 L. Ed. 1298; Pedersen v. Railroad, 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; Railway v. Puckett, 244 U. S. 571, 37 S. Ct. 703, 61 L. Ed. 1321, Ann. Cas. 1918B, 69; Railroad v. Porter, 249 U. S. 168, 39 S. Ct. 188, 63 L. Ed. 536, and the cases cited supra. Certainly the evidence was sufficient for the jury to have found, under proper instructions, that the parties were then engaged in interstate commerce. Railroad v. Zachary, 232 U. S. 248, 34 S. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159; Penn Co. v. Donat, 239 U. S. 50, 36 S. Ct. 4, 60 L. Ed. 139.

It is further urged on the part of the defendant that there was no evidence that the accident was caused by defendant's negligence, or specifically by reason of a defective chain on the brake of the car on which plaintiff was riding—defective in that, though just out of the repair shop, the chain was disconnected from the brake staff. Some time after the accident the brake chain was found disconnected. Plaintiff testified that one of the links caught in the brake staff stirrup, and, when he put the brake in, it let go and threw him. Conductor Taylor, a witness for plaintiff, testified that he found the brake chain disconnected a little over a half hour after the accident. The testimony of two of defendant's witnesses was to the effect that the brake was all right immediately after the accident, and that the chain must have been disconnected

by another employé of the defendant. But this employé, although at the time of trial still retained in the service of the defendant, was not called to testify. Obviously there was evidence of negligence to go to the jury.

[3] Error is further alleged in the exclusion at the trial of a report of the accident alleged to have been made by Conductor Taylor. Taylor's testimony was taken by deposition; if the alleged report was intended to impeach his testimony, it should have been brought forward when he was being cross-examined. Conrad v. Griffey, 16 How. 38, 46, 14 L. Ed. 835; The Charles Morgan, 115 U. S. 69, 5 S. Ct. 1172, 29 L. Ed. 316; Railway v. Artery, 137 U. S. 507, 11 S. Ct. 129, 34 L. Ed. 747; Mattox v. U. S., 156 U. S. 237, 15 S. Ct. 337, 39 L. Ed. 409. Moreover, there does not appear to be any clear inconsistency between the alleged report and Taylor's testimony; in any event, the alleged error could not be deemed so prejudicial as to justify reversal.

Judgment affirmed.