**STELWAGON MFG. CO., Inc., v. ELVIDGE et al.** *

Circuit Court of Appeals, Second Circuit.
January 7, 1929.

No. 103.

Douglas, Armitage & McCann, of New York City (Kenneth M. Spence and Paul Van Anda, both of New York City, of counsel), for appellant Elvidge.

Griffiths & Content, of New York City (Charles H. Griffiths and Clarence V. Opper, both of New York City, of counsel), for appellants Stevenson and McGrath.

Mack & Taylor, of New York City (George A. Spiegelberg and Harry W. Mack, both of New York City, of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The appellee sued for damages resulting from a conspiracy to defraud. The evidence is ample, and indeed is not denied, justifying the trial court in submitting the issue of fraud and conspiracy to the jury. But complaint is made of the rule as to the measure of damages applied by the trial court. The court charged that, "if you find that two or more of the defendants are liable, you will then come to the question of damages; and the rule is that you will award the plaintiff the difference between what the trade acceptance would have been worth if they had been as represented and what they are in fact worth."

■■ Due to the conspiracy and fraud perpetrated, the respondent parted with $68,000 in cash, the face value of the trade accept-

*Certiorari denied 49 S. Ct. 265, 73 L. Ed. —.

ances, and $22,000 worth of merchandise. Recovery is for the difference between this total sum, giving due credit for the moneys collected on some of the trade acceptances, less necessary expenses of collection. The value of the protested trade acceptances was submitted to the jury. The measure of the respondent's damage is the difference between the value of that with which it parted and the actual value of that which he received. Corsicana Nat. Bank v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141; Smith v. Bolles, 132 U. S. 125, 10 S. Ct. 39, 33 L. Ed. 279. This was the only amount the respondent could recover under the court's charge, in view of the fact that the trade acceptances, had they been as represented, were worth to the respondent just what it paid for them, and could not have been worth more. As no amounts over were paid for the trade acceptances by the respondent, nothing went to the Waterproofing Corporation.

The claim that the Palmer letter admitted in evidence constitutes reversible error is also without merit. The author of that letter was proven to be Palmer, whose testimony was taken by deposition on the respondent's application, but was used by appellant. The contents of the letter were in contradiction of his testimony. While ordinarily, before use is made of a statement of a witness in contradiction of his testimony, a warning question must be asked of an opposing witness, still the matter is one of testimony based upon the needs of each case. 2 Wigmore on Evidence (2d Ed., 1923) 483, § 1031. Before we would be justified in reversing this judgment, we would be obliged to find that the impeaching letter was prejudicial to the appellants. Miller v. Continental Shipbuilding Corp. (C. C. A.) 265 F. 158; Compagnie Génerale Trans. v. Bump (C. C. A.) 234 F. 52. It was admitted solely to impeach the testimony of the witness Palmer, who admittedly had been one of the salesmen involved in the fraudulent transaction. The court fully cautioned the jury that the letter was not evidence of the facts it stated, but merely used to impeach the truth of the answers given in his deposition. In view of the testimony clearly establishing the conspiracy and fraud, by no possible conception can we say that the admission of such a letter, if inadmissible, was prejudicial to the appellants. St. Louis Merchants' Bridge Terminal Ry. Co. v. Schuerman (C. C. A.) 237 F. 1; B. & O. R. Co. v. Darling (C. C. A.) 3 F.(2d) 987.

Judgment affirmed.