**KANSAS CITY SOUTHERN RY. CO. v. QUIN.** *

No. 7907.

Circuit Court of Appeals, Fifth Circuit.

Aug. 4, 1936.

Rehearing Denied Aug. 27, 1936.

Edward S. Klein, C. Huffman Lewis, and W. Scott Wilkinson, all of Shreveport, La., for appellant.

S. P. Jones and Franklin Jones, both of Marshall, Tex., and Otis W. Bullock, of Shreveport, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit, for the benefit of herself and her two minor children, to recover damages for the death of her husband, O. B. Quin, who was killed in an accident while in the employ of appellant, an interstate railroad. The petition alleged actionable negligence under the provisions of the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.) with an alternative claim under the Workmen's Compensation Act of Louisiana (Act La. No. 20 of 1914, as amended). Appellant defended on the ground that the facts did not bring the case within the federal law, denied negligence, pleaded contributory negligence and assumption of risk preventing recovery under the federal act, and pleaded limitation to the alternative claim under the Louisiana statute. The District Court ruled that the action came under the federal law and it was submitted to the jury on that theory. A verdict for $21,500 was returned on which judgment was entered. This appeal followed.

There are twenty-one assignments of error, but only a few of them require discussion. By motion to direct a verdict and by objections to parts of the charge, appellant raised the question that the deceased was not engaged in interstate commerce at the time of the accident. The following facts are undisputed:

Appellant is a railroad company engaged in both interstate and intrastate transportation. The deceased was employed as a brakeman on its local train designated as No. 37, running between Shreveport and Leesville, La.; its entire movement being within the state. When the train left Shreveport on the fatal trip, in addition to cars carrying intrastate freight there was included in the train a car of gravel shipped from Wilkins, Ark., to Many, La., and a car carrying merchandise for various way stations, referred to as a peddler car. At Many three bales of cotton consigned to Galveston, Tex., were loaded into the peddler car. At way stations three other cars consigned to points in Texas were added to the train. All the interstate freight was subsequently delivered at destination. The train reached Many

*Writ of certiorari denied 57 S. Ct. 116, 81 L. Ed. —.

between 1 and 1:30 p. m. October 17, 1932. The peddler car was spotted at the depot and after other switching operations, all by the train crew, with the engine used in hauling the train, a cut of seven empty box cars was pulled out of an adjacent house track for the purpose of adding two of them to the train. Five of these cars were then pushed back on the house track and one of them blocked a highway crossing. The deceased was signaled to by the conductor of the train, who was his superior to cut the crossing. He rode on the front end of an empty tank car, attached to the engine, to be coupled to the cars on the house track, for the purpose of opening the crossing. A flying switch was made with the engine following the empty tank car. When the engine caught up with the tank car, the impact caused Quin to fall off the car and under it. He was badly mangled and died three days later.

The evidence as to negligence and the assumption of risk was in conflict, but there was sufficient to take the case to the jury. While parts of the charge on that point were excepted to and error is assigned thereto, we may pass that without discussion as it is clear the case was properly submitted by the judge on those points.

The rule is well settled that to recover under the provisions of the federal act, the employee must be engaged in interstate commerce at the moment of injury. Illinois Cent. R. Co. v. Behrens, 233 U.S. 473, 34 S.Ct. 646, 58 L.Ed. 1051, Ann. Cas.1914C, 163. While the rule is clear enough, its application to the facts in particular cases is frequently difficult. The question presented in this case is close, but we consider the facts bring it within the rule. Throughout the entire trip the train carried interstate freight. The switching onto the house track was necessary to properly make up the train. The switching operation was not completed until the crossing was cut. While the character of the car on which deceased was riding when injured was local, its movement was necessary to allow the train to proceed with its interstate freight. The following decisions support this conclusion: New York Central & H. R. R. Co. v. Carr, 238 U.S. 260, 35 S.Ct. 780, 59 L.Ed. 1298; Pennsylvania Co. v. Donat, 239 U.S. 50, 36 S.Ct. 4, 60 L. Ed. 139.

Error is assigned to the charge of the court that plaintiff and her children, under the law of Louisiana, inherited from the deceased his right of action for his pain and suffering before his death. The evidence shows that he was conscious after the accident for at least 30 minutes before he was released from under the car. He lived for about three days thereafter. There is no doubt that the wife and children inherited the cause of action under the Louisiana law, but appellant contends recovery could not be had under the state law. That is immaterial. Appellee had the same right to recovery under the federal statute. St. Louis, Iron Mountain & Southern Ry. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160. The charge could not have misled the jury to appellant's prejudice. Other errors assigned are without merit.

The record presents no reversible error. Affirmed.