## R. B. TYLER CO. v. GREENUP.

### No. 9482.

Circuit Court of Appeals, Sixth Circuit.

Feb. 25, 1944.

W. N. Key, of Jackson, Tenn. (T. O. Morris, of Nashville, Tenn., and C. E. Pigford and W. N. Key, both of Jackson, Tenn., on the brief), for appellant.

W. R. Landrum, of Trenton, Tenn., for appellee.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

PER CURIAM.

This case is an appeal from a judgment for damages arising out of the claimed negligence of appellant's driver, in backing an asphalt truck over appellee's decedent, who died as a result. Decedent was an employee of Ferguson-Oman Company, a highway construction contractor. Appellant was a company engaged in supplying asphalt on the job to the contractor. The defense to the claimed negligence was contributory negligence, gross negligence, assumed risk, and negligence of a fellow servant of decedent, who was alleged to have given signals in the backing operations to the truck driver. Appellee claimed that this so-called signalman, on whose alleged negligence, one phase of the defense of assumed risk was based, was a loaned servant—and that, in any event, such fellow servant was not negligent. Appellant further defended on the ground that the driver of the truck, although an employee of appellant company, was, at the time of the accident, acting under the instructions and authority of decedent's employer, and was, therefore, decedent's fellow servant, whose negligence barred recovery by appellee. To the latter claim, appellee replied that appellant company was an independent contractor and that its employees were not, at the time of the accident, acting in the capacity of fellow servants of decedent.

On a review of the record, it appears that the questions involving contributory negligence and independent contractor, were questions of fact, submitted to the jury by appropriate and proper instructions. There was no evidence of gross negligence. Proposed instructions on assumed risk, other than that resulting from application of the fellow-servant rule, were properly refused. The verdict of the jury was in appellee's favor, and its effect was a determination that appellant company was an independent contractor; that its truck driver was acting as an employee of appellant at the time of the accident; and that he was not, therefore, a fellow servant of decedent. The court submitted to the jury the question whether the employee of Ferguson-Oman Company who was alleged to have given the signals for the backing operations, was a loaned servant. The verdict found, in effect, that he was, and removed from the case, the fellow-servant doctrine as to the signalman.

It may be remarked that evidence introduced by appellant to prove negligence on the part of such fellow servant, was rather general and did not name or identify the individual claimed to have given the signals. Leroy Sims, the employee who would have given the signals, if any had been given, squarely denied that he had done so on the occasion in question. But this matter was taken care of by the instructions on the loaned-servant issue and the jury's verdict.

Appellant sought to introduce evidence of oral statements, as well as a

written statement made by the witness Sims, that contradicted his testimony, which was subsequently taken by deposition. The trial court ruled that testimony as to such statements was inadmissible, and error is claimed thereon. The claimed oral statements were known to appellant at the time the testimony of the witness was given, and the purported written statement was admittedly in its possession at that time; but they were not called to the attention of the witness, nor was he examined with reference to them. Before testimony of contradictory statements of a witness, made outside court, or such a written statement, can be admitted in evidence, the witness must have had his attention called to them, during his testimony, and be asked whether he made the statements so sought to be proved.

Contrary to the contention of appellant, we find that the verdict was sustained by the evidence and that there was no error in the instructions of the trial court or in its refusal to give proposed instructions. The judgment of the district court is affirmed.