336

## MILES v. PENNSYLVANIA R. CO.
### No. 9166.

Circuit Court of Appeals, Seventh Circuit.
Dec. 3, 1946.

Rehearing Denied Jan. 10, 1947.

Royal W. Irwin, of Chicago, Ill., for appellant.

Theodore Schmidt, P. J. Cronin, and W. A. Morrow, all of Chicago, Ill., for appellee.

Before MAJOR and MINTON, Circuit Judges, and BALTZELL, District Judge.

PER CURIAM.

The plaintiff-appellant, hereinafter referred to as plaintiff, brought this action against the defendant-appellee, hereinafter referred to as defendant, to recover for the alleged wrongful death of plaintiff's decedent. The suit was based on the premise that decedent was an employee of the defendant, and jurisdiction was conditioned on the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The defendant having filed an answer to the complaint, thereby placing the case at issue, a pre-trial conference was held on May 4, 1945 as provided by Rule 16 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. At this conference counsel for both plaintiff and defendant was present, as well as the district judge. The question of whether or not the decedent was an employee of defendant within the meaning of the Federal Employers' Liability Act at the time he sustained the injuries from which he died was discussed.

Three days later, that is, on May 7, the parties, by their attorneys, filed in the Clerk's office of the district court an Agreed Statement of Facts bearing upon that issue, which statement, in addition to other agreed facts, contained a copy of the contract between defendant and J. C. O'Connor & Sons, Inc., an independent contractor which was engaged in doing some track work for defendant. The Agreed Statement of Facts was prefaced by a provision that it was "subject to the right of either party to object on grounds of relevancy and materiality, and to introduce other evidence not inconsistent herewith", also that it was "for the purpose of reducing the time required in any trial of this case and resolving *certain* facts by stipulation * * *." (Our italics.) It was signed by the attorneys for both plaintiff and defendant. At the close of the conference the attorneys for both plaintiff and defendant were directed by the court to file briefs on the question, and the dates for the filing of such briefs were fixed. Briefs were subsequently filed in accordance with this direction.

It would seem that the Agreed Statement of Facts had been prepared prior to the pre-trial conference, but was not actually filed in the Clerk's office until three days thereafter. Judge Shaw referred to certain provisions contained in such statement

during the conference. It is apparent that the Agreed Statement of Facts thus filed was not intended to submit to the court for its determination prior to the trial the issue of employment and liability under the Federal Employers' Liability Act, but was for the sole purpose of "reducing the time required in any trial of the case" by relieving the parties of the burden of making proof of such Agreed Statement of Facts. No order was entered submitting the issue under consideration to the court for its determination solely upon the agreed facts. The fact that briefs may have been filed upon that issue is not sufficient to show submission in the absence of an order to that effect. The question of whether decedent was an employee of the defendant and was governed by the Federal Employers' Liability Act was a question of fact to be determined in the trial of the case. Furthermore, plaintiff had made a written request for "a trial by jury" at the time she filed her complaint. This request was never withdrawn and she was entitled to have all facts submitted to a jury for its determination under proper instructions of the court. Pennsylvania Co. v. Donat, 239 U.S. 50, 36 S.Ct. 4, 60 L.Ed. 139; Southern R. Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402; Advance v. Thompson, 387 Ill. 77, 55 N.E.2d 57, certiorari denied, 323 U.S. 753, 65 S.Ct. 82, 89 L.Ed. 603, 604.

However, instead of submitting the case to a jury to determine all the facts the court, on October 8, 1945, entered an "order reciting action taken at pre-trial conference." Such order incorporated therein by reference the "Agreed Statement of Facts" which were the only facts upon which the conclusions of law were based. The order provided that upon these facts the court concluded, as a matter of law, that the decedent, at the time he sustained the injuries resulting in his death, was an employee of an independent contractor and not an employee of defendant; that he was not employed by defendant in interstate commerce and was not entitled to the benefits of the Federal Employers' Liability Act; and that plaintiff had no cause of action under the Act. No further steps were taken until May 2, 1946, on which date the Clerk

called to the attention of the court a motion on behalf of plaintiff to dismiss the action without prejudice. Such motion was denied and, on May 6, 1946, defendant filed a motion to dismiss the case on the grounds that plaintiff's cause of action was based solely upon the Federal Employers' Liability Act and that the court had determined that the plaintiff had no cause of action under that Act. Such motion was, on the same day, sustained by the court and the cause dismissed at plaintiff's costs. This was reversible error. The court should have denied defendant's motion to dismiss and proceeded to trial by jury as requested by plaintiff.

The judgment of the district court is accordingly reversed with direction to proceed in conformity with the views herein expressed.