

Edwin Knachel, Cleveland, Ohio, for appellant, Marshman, Hornbeck, Hollington, Steadman & McLaughlin, Cleveland, Ohio, on the brief.

Marshall I. Nurenberg, Cleveland, Ohio, for appellee, A. H. Dudnik, Cleveland, Ohio, on the brief.

Before WEICK, Circuit Judge, and BOYD and THORNTON, District Judges.

**William METCALF, Plaintiff-Appellee,**

v.

**The NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY, Defendant-Appellant.**

**No. 15030.**

United States Court of Appeals Sixth Circuit.

March 28, 1963.

**PER CURIAM.**

This is an action under the Federal Employers' Liability Act in which plaintiff recovered a verdict and judgment of $50,000 in the District Court. The one question presented on this appeal is stated in a more factually expanded manner by appellee than by appellant and we therefore set it forth here in the language of appellee: "Where upon deposition a witness, not a party, is asked whether a statement that he gave prior to the deposition was true, and the witness stated that it was true and that he had signed it, but the statement was not shown to the witness at the time of the deposition, nor was the witness examined as to any of the contents of the statement at the time of the deposition, nor was the witness asked to admit or deny the truth of any alleged contradiction between the statement and his testimony at deposition, nor was any attempt made to point out to the witness any alleged contradiction between the statement and his testimony at the time of deposition, was a sufficient foundation laid for the admission into evidence of a signed statement of the deponent at the time of

trial through the claim agent who took the statement, after the deposition itself had been read into evidence?"

The statement in question was taken by defendant's claim agent on October 26, 1959. At the deposition hearing on February 13, 1961 the defendant made reference to the statement here in controversy in the following manner:

"Q. You gave the Nickel Plate a statement, didn't you? A. Yes, sir.

"Q. They didn't try to get you to say anything in that statement that wasn't true; did they? A. No, sir.

"Q. You read that statement, didn't you? A. I did.

"Q. Signed it? A. I did."

Nothing more than the foregoing transpired in relation to the statement until the trial of the cause when the defendant attempted to offer the statement through the claim agent who took it, in an effort to impeach the credibility of the witness's testimony as read from his deposition, at which time the trial court excluded the statement.

The defendant moved for a new trial on the grounds that the court erred in excluding this statement and that the verdict was against the weight of the evidence. The court, in its memorandum opinion denying the motion for a new trial, stated in part that:

"Extensive research has led to the discovery of only two cases which may be said to be 'on all fours' with the present situation, and curiously enough they both occurred in this circuit. The holding in each of the cases is that where a party has in his possession at the time of the taking of the deposition of a witness for the opposing side a prior contradictory statement, the statement must be introduced at that time for the purpose of impeachment. There is no error in the exclusion of such a statement on trial when the witness testifies by deposition. R. B. Tyler Co. v. Greenup, 140 F.2d 896 (6 Cir. 1944); Baltimore & Ohio

Railroad Co. v. Darling, 3 F.2d 987 (6 Cir. 1925). The available law thus seems clear that no error was committed in the exclusion of evidence."

The trial court correctly applied the applicable law and the judgment appealed from is affirmed.