Glenda MIERA, et al., Plaintiffs-Appellees and Cross-Appellants,

v.

FIRST SECURITY BANK OF UTAH, N.A., a Utah banking corporation, Defendant-Appellant and Cross-Appellee.

Nos. 83–2101, 83–2297.

United States Court of Appeals, Tenth Circuit.

Nov. 7, 1985.

Thomas A. Quinn (Penny A. Rodeen of Ray, Quinney & Nebeker, with him on brief), Salt Lake City, Utah, for defendant-appellant and cross-appellee.

Parker M. Nielson, Salt Lake City, Utah, for plaintiffs-appellees and cross-appellants.

Before McKAY and McWILLIAMS, Cir-

cuit Judges, and BALDOCK,* District Judge.

McWILLIAMS, Circuit Judge.

This is an appeal by the First Security Bank of Utah, the defendant, from a final judgment entered by the Hon. Bruce S. Jenkins, a United States District Court Judge for the District of Utah, in favor of Glenda Miera and others, the plaintiffs. The final judgment was based, in part, on a partial summary judgment entered some nine years prior thereto by the Hon. Willis W. Ritter, then a United States District Judge for the District of Utah, but now deceased. Our study of the matter convinces us beyond doubt that procedural irregularities leading up to the entry of partial summary judgment for the plaintiffs, including the entry of the partial summary judgment itself, dictate a reversal of the final judgment. A chronology of events will demonstrate that the proceedings culminating in the partial summary judgment violated local court rules, the Federal Rules of Civil Procedure, and procedural due process to the end that the First Security Bank of Utah, hereinafter referred to as the Bank, was not afforded a meaningful hearing before the trial court entered the partial summary judgment.[1]

The individual plaintiffs, and the class they represent, are mixed blood members of the Ute Indian Tribe of the Uintah and Ouray Reservation in Utah, and are referred to by the parties as Terminated Utes. On April 20, 1973, the plaintiffs brought the present action against the Bank, and no one else, alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78aa and 78j (1982), and Rule 10b–5, 17 C.F.R. 240.10b–5 (1985). The present complaint was intended to parallel the complaint filed in *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), hereinafter referred to as the *Reyos* case. The

underlying action in *Reyos* was filed in the United States District Court for the District of Utah in 1965, some eight years prior to the filing of the present complaint. The trial judge in *Reyos,* after trial, entered judgment in favor of the plaintiffs. On appeal, we reversed and remanded for further proceedings. *Reyos v. United States,* 431 F.2d 1337 (10th Cir.1970). On certiorari, the Supreme Court, insofar as the *Reyos* phase of the case concerned the Bank, reversed and, in effect, reinstated the judgment of the trial court. *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). For background matter, see those two cases. Since we are deciding the present appeal on the basis of procedural irregularities, we will not here concern ourselves with the substantive matters.

As stated, the plaintiffs filed the present complaint on April 20, 1973. On May 14, 1973, the Bank filed a motion to dismiss, claiming that the complaint failed to state a claim, that the action was not properly maintainable as a class action, and that the action was barred by the applicable statute of limitations. On July 27, 1973, the district court, by order, continued the hearing on the motion of the Bank, subject to renewal at the time of trial, on the basis of the Bank's claim that the action was not properly maintainable as a class action. At the same time, the district court set the case for trial on the October 1, 1973, calendar, with discovery to be completed prior to that date. However, on September 19, 1973, after a further hearing on the Bank's motion to dismiss, the trial court, by order, held that the case would proceed as a class action and denied the Bank's motion to dismiss.

Some three days prior to its order of class certification, the Clerk of Court, on September 17, 1973, sent, in accordance with local procedure, a notice to counsel

---

* Honorable Bobby R. Baldock, United States District Judge for the District of New Mexico, sitting by designation.

1. The partial summary judgment determined the liability issue once and for all and left open for determination by a special master only the question of damages.

concerning a pretrial order. That notice read as follows:

The above entitled case is now at issue.

By direction of the court, counsel are to stipulate the issues involved in this case and prepare an appropriate pretrial order for approval by the court within ten (10) days after receipt of this notice. If difficulties arise, and a stipulation cannot be reached between counsel, please advise the deputy clerk in order that this matter may be set down for pretrial conference before the court.

*PLEASE NOTE*: ANY REASON FOR NON–COMPLIANCE MUST BE APPROVED BY THE COURT.

On September 25, 1973, the Bank filed a motion to vacate the trial setting of October 1, 1973, and also to vacate the order of September 17, 1973, requiring a pretrial order to be filed within ten days.[2] The reason given by the Bank was insufficient time to take essential depositions and to otherwise be ready for trial. The certificate of mailing of the motion to vacate was dated September 25, 1973.

On September 26, 1973, the clerk of court advised counsel that the Bank's motion to vacate the trial setting and the order requiring the filing of a pretrial order would be heard at ten o'clock a.m. on September 28, 1973. Court minutes indicate that there was a short hearing held on September 28, 1973, at 10:00 a.m., at the conclusion of which the district court denied the Bank's motion to vacate the trial setting and the order requiring the filing of a pretrial order, and at the same time also denied the Bank's motion to disqualify the presiding judge and the Bank's request that it be allowed an immediate appeal. Plaintiffs' motion for a protective order which would prohibit the taking of the depositions of certain of the plaintiffs was summarily

granted, without allowing counsel for the Bank to even address the matter.

On the same day of the hearing on the Bank's motion to vacate, September 28, 1973, plaintiffs filed with the district court what it denominated as a "proposed" pretrial order. The certificate of mailing indicated that a copy of the proposed pretrial order was mailed to the Bank's counsel on September 27, 1983. From our reading of the transcript of the hearing held on September 28, 1973, no reference was made by anyone to the proposed pretrial order filed with the court by plaintiffs on that same date. However, later on that same day, i.e., September 28, 1973, the district court signed, without any change, the proposed pretrial order filed with the court that same day by counsel for the plaintiffs. The pretrial order thus signed by the district court is appended to this opinion as an attachment No. 1.

On October 2, 1973, the Bank filed an original proceeding in this Court seeking to enjoin the commencement of trial and all other proceedings, which request was denied by our order of November 8, 1973.

On October 3, 1973, the plaintiffs filed a motion for summary judgment on the issue of liability alone. This motion is attached to our opinion as attachment No. 2. The Bank thereafter filed several motions of its own seeking summary judgment in its favor. These motions came on for hearing on February 5, 1974, at the conclusion of which the district court denied all motions of the Bank and granted plaintiffs' motion for summary judgment on the issue of liability. Counsel for plaintiffs thereafter prepared a proposed order entering partial summary judgment which the judge signed on February 20, 1974. The Bank's counsel

---

**2.** Counsel for the plaintiffs in his brief refers to the Bank's motion of September 25, 1973, as one which asked, *inter alia,* for an order *requiring* the filing of a pre-trial order by September 28, 1973. Counsel is mistaken in his understanding of the Bank's motion. The motion itself is captioned "Motion to vacate trial setting and order requiring filing of a pretrial order." Any possible confusion resulting from the caption is

cleared up by the opening paragraph in the motion wherein the Bank asked the court "to vacate its order*s* placing said case on the October 1, 1973, trial calendar and requiring the pretrial order to be filed by September 28, 1973.' (emphasis added). The record, therefore, clearly shows that the Bank sought to vacate the requirement for a pretrial order, not to seek such an order.

later filed objections to the entry of partial summary judgment, which were overruled.

The partial summary judgment referred to a special master only the issue of the "quantum of recovery" for each individual plaintiff and each individual member of the class. The special master held numerous hearings and some five years later filed a report. Thereafter, by memorandum and order, Judge Jenkins, having succeeded Judge Ritter who in the interim had died, approved the report of the master and entered a final judgment. *Miera v. First Security Bank of Utah*, No. C 126–73 (D.Utah, August 3, 1983) (Memorandum and Order). In that memorandum, Judge Jenkins noted that the Bank sought reconsideration of a number of the earlier rulings made by Judge Ritter, including the entry of the pretrial order and the partial summary judgment. Judge Jenkins, however, denied the Bank's request for reconsideration with the observation that the Bank's "most appropriate avenue of review [was not reconsideration by a successor judge in the case, but] is to be found in the appellate process." *Id.* at 3.

We recognize that the present appeal by the Bank (No. 83–2101) is from the order of final judgment entered by Judge Bruce Jenkins on August 3, 1983,[3] not Judge Ritter's order granting summary judgment. However, it is quite clear from the district court's Memorandum and Order, filed simultaneously with the entry of final judgment, that Judge Jenkins not only declined to reconsider, *inter alia*, the order of Judge Ritter granting summary judgment to the plaintiffs on the issue of liability, but that, insofar as the liability issue is concerned, the final judgment was based on the partial summary judgment granted plaintiffs by Judge Ritter. So, the propriety of Judge Ritter's order granting summary judgment to the plaintiffs on the liability question is an issue in the present appeal. Any suggestion that the Bank is somehow

estopped from raising that matter in the present appeal is without merit. The Bank has attempted in about every possible way, including unsuccessful original proceedings in this Court, to contest about everything the district court did, including the granting of partial summary judgment. *See Miera v. First Security Bank of Utah*, No. C 126–73 (D.Utah, August 3, 1983) (Memorandum and Order).

Plaintiffs' motion for summary judgment was based solely upon court files and the Supreme Court's decision in *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). No affidavits, for example, were offered in support of the motion. It is obvious that in granting summary judgment, Judge Ritter relied heavily on the pretrial order, prepared by counsel for the plaintiffs, and signed by the Court, apparently without any changes. So, the pretrial order, and the propriety thereof, is necessarily drawn into the present appeal, the partial summary judgment being grounded on the pretrial order which severely limited the issues ultimately referred to the special master.

The pretrial order signed by Judge Ritter decreed that the liability issue in the present case was governed by *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), and that the only remaining issue was that of damages. We cannot tell from the record before us whether *Affiliated Utes* controls the liability issue in the present case. Perhaps it does, perhaps it does not. Be that as it may, the defendant Bank should have at least been given the opportunity to try and persuade the district court that the plaintiffs in the present case were not in the same situation as the plaintiffs in *Affiliated Utes*, or that the present case is otherwise distinguishable from *Affiliated Utes*. As indicated, the proposed pretrial order, which by its terms decided the issue

---

**3.** The plaintiffs, by cross-appeal (No. 83–2297), seek reversal of the district court's final judgment insofar as it denied the claims of certain class members, allowed prejudgment interest in the amount of 6% per annum instead of 8%,

and taxed the costs of the special master equally between plaintiffs and defendant, rather than costs to be born entirely by the defendant Bank. Judge Jenkins' judgment awarded a total of $399,786 to the plaintiffs.

of liability in favor of the plaintiffs, was filed with the district court on September 28, 1973, and signed by the district judge the same day. The transcript of proceedings held on that date before the district judge contains no mention of the proposed pretrial order. The mailing certificate shows that counsel for plaintiffs mailed a copy of the proposed pretrial order to defense counsel on September 27, 1973. All of which tends to corroborate counsel's assertion that at the time when the district court signed the pretrial order, defense counsel had never even seen the proposed order.

■ The procedure followed by the district judge in connection with the pretrial order violated its local rules as embodied in the clerk's notice to counsel regarding pretrial orders, which stated that if counsel could not agree on a stipulated pretrial order the matter would be set down for a pretrial conference before the court. Rule 16 of the Federal Rules of Civil Procedure contemplates a pretrial order entered after notice and an opportunity to be heard. And fundamental due process requires that a district court afford a party an opportunity to be heard *before* adverse action is taken. *See Fuentes v. Shevin,* 407 U.S. 67, 80–82, 92 S.Ct. 1983, 1994–95, 32 L.Ed.2d 556 (1972) (discussing generally when due process requires hearing *before* deprivation of significant property interest). Due process requires that a party in litigation have its day in court. *Aetna Insurance Co. v. Hartshorn,* 477 F.2d 97, 100 (5th Cir.1973) (trial court denied party due process by notifying it of hearing on procedural matter, then ruling on merits in party's absence). *Compare Hartshorn with Beck v. Quiktrip Corp.,* 708 F.2d 532, 536 (10th Cir.1983) (trial court judge's statement that he had prepared tentative order prior to conclusion of all the evidence did not indicate that losing defendant had been denied due process when the court heard and considered defendant's evidence before making final decision) *and Fox Metal Industries, Inc. v. Frontier Plumbing & Heating Co.,* 453 F.2d 1128, 1131–32 (10th Cir.1972) (party not denied due process when court clearly informed party that merits and jurisdictional issue would be considered in subsequent hearing, party had seven days to prepare, and party chose to argue only jurisdictional issue). The fact that *after the fact* the Bank's motion for reconsideration was denied does not cure the antecedent error. In this regard, the district judge did not consider the motion to reconsider the pretrial order on its merits, the judge saying, without argument, that he simply was not going to amend the pretrial order.

■ Perhaps in the ordinary case, a pretrial order, being interlocutory in nature and always subject to possible change, would not be grounds for reversing a final judgment subsequently entered. This case, however, is different. The partial summary judgment for the plaintiffs on the liability issue was necessarily based on the pretrial order, and the final judgment, in turn, was based on the partial summary judgment, which the successor judge declined to reconsider, believing that such was more appropriate for appellate review. Moreover, a pretrial order which effectively resolves issues at trial is reviewable by a court of appeals. *See Miles v. Pennsylvania R. Co.,* 158 F.2d 336, 336–37 (7th Cir. 1946) (reversing trial court's dismissal of action based upon rulings contained in "order reciting action taken at pretrial conference"). *See also* 3 *Moore's Federal Practice* ¶ 16.21 (2d ed. 1985) (appellate review of pretrial issues proper after final termination of action).

In sum, the Bank was not given fair opportunity to resist, in the first instance, the pretrial order which was the basis for the partial summary judgment, which, in turn, was an integral part of the final judgment itself. In reversing because of procedural irregularities, we are expressing no opinion on the substantive issues sought to be raised. We are simply holding that the Bank should have been afforded a meaningful opportunity to resist summary judgment against it on the rather important issue of liability.

Judgment reversed and cause remanded with directions that the district court vacate its order granting summary judgment, and to vacate the partial summary judgment and pretrial order entered by Judge Ritter.

## ATTACHMENT NO. 1

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

GLENDA MIERA, et al., Plaintiffs,

vs.

FIRST SECURITY BANK OF UTAH, N.A., Defendant.

Civil No. C 126–73

PRE–TRIAL ORDER

The Court enters the following pre-trial order herein:

A. Stipulated facts:

The following facts are admitted herein:

1. Defendant First Security Bank of Utah, N.A., is a National Banking Corporation with its principal business office in Salt Lake City, Utah.

2. Jurisdiction of plaintiffs' action is allegedly based upon Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa) but defendants deny that the facts support such jurisdiction.

3. The stock in the Ute Distribution Corporation is a "security."

B. In addition to the foregoing facts, the Court determines as follows:

1. The United States Supreme Court has determined certain facts in *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). The defendant was a party defendant in said proceeding and fully litigated the factual issues therein against mixed-blood Ute Indians who were privy to the plaintiffs herein as members of the Affiliated Ute Citizens of the State of Utah. All of said facts determined by the Supreme Court are final and conclusive herein.

2. The Court has determined that this action may be maintained as a class action, which determination is in effect a reconsideration of the Court's prior ruling in said *Affiliated Utes* case. With respect to the statute of limitations, this case is therefore within the rule of *Esplin v. Hirschi*, 402 F.2d 94 (10th Cir.1968) at footnote 14 thereof and *Union Carbide and Carbon Corp. v. Nisley*, 300 F.2d 561, 590 (10th Cir.1962).

C. The issues remaining for determination herein are as follows:

1. When, if ever, did the unlawful conduct of the defendant as determined by the Supreme Court in said *Affiliated Utes* case cease to have an effect upon the market for the Ute Distribution Corporation shares.

2. What was the sum or value received by each plaintiff and each member of the class on his or her sale of Ute Distribution Corporation stock.

DATED this 28 day of September, 1973.

/s/ Willis W. Ritter
WILLIS W. RITTER,
CHIEF JUDGE

Mailed a copy of the foregoing Pre-Trial Order, postage prepaid, to Marvin J. Bertoch, Esq., Merlin O. Baker, Esq. and Thomas A. Quinn, Esq., Attorneys for Defendant, 400 Deseret Building, Salt Lake City, Utah, this 27th day of September, 1973.

/s/ Kristin Reese

## ATTACHMENT NO. 2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

GLENDA MIERA, et al., Plaintiffs,

vs.

FIRST SECURITY BANK OF UTAH, N.A., Defendant.

Civil No. C 126–73

MOTION FOR SUMMARY JUDGMENT

Plaintiffs move, pursuant to the provisions of Rule 56(c), for a summary judg-

ment on the issue of liability alone and in support thereof represent to the Court as follows:

1. This motion is based upon the file herein and the United States Supreme Court decision in *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972).

2. In light of the determination of the United States Court in the Affiliated Utes Case, and the doctrines of *res judicata* and *collateral estoppel,* there is no genuine issue as to any material fact with respect to liability.

3. Plaintiffs submit that the only issues remaining for determination herein are with respect to damages, and that the remaining issues are confined exclusively to issues of law as follows:

A. Whether, as to each individual plaintiff and each individual member of the class, their sales of Ute Distribution Corporation stock were "produced" or the market price therefore effected by the unlawful activities by the defendant as determined by the United States Supreme Court.

B. What was the sum of value received by each individual plaintiff and each individual member of the class on his or her sale of Ute Distribution Corporation stock.

DATED this 29th day of September, 1973.

/s/ Parker M. Nielson
318 Kearns Building
Salt Lake City, Utah 84101
Attorney for Plaintiffs

Mailed a copy of the foregoing Motion for Summary Judgment, postage prepaid, to Marvin J. Bertoch, Esq., Merlin O. Baker, Esq. and Thomas A. Quinn, Esq., Attorneys for Defendant, 400 Deseret Building, Salt Lake City, Utah 84111, this 29th day of September, 1973.

/s/ Kristin Reese